(9 Misc. Rep. 375.)

MARTIN v. BRONSVELD.

(Superior Court of New York City, General Term. July 2, 1894.)

APPEAL—WHEN CASE IS NECESSARY.
    An alleged error in dismissing the complaint before plaintiff has concluded his proof does not appear on the record, and can only be reviewed on appeal when incorporated in a case made and settled as required by Code Civ. Proc. § 997.

Appeal from special term.

Action by Frank H. Martin against Edward Bronsveld. From an order refusing to set aside a nonsuit, or to allow an exception, plaintiff appeals. Dismissed.

Argued before McADAM and GILDERSLEEVE, JJ.

George A. Black, for appellant.
A. J. Westermayr, for respondent.

McADAM, J. The complaint was dismissed after a trial of the issues before a jury, and the appropriate method of reviewing errors committed on the trial is by appeal from the judgment entered on the dismissal. The alleged errors not appearing upon the record, a case should have been made and settled according to prescribed practice, that the general term might be properly informed of all that occurred upon the trial,—what proofs were received and rejected thereat, what rulings were made, and what exceptions were taken. Code, § 997. The matters urged against the nonsuit cannot be presented upon mere motion at special term to set aside the direction, as was done here. True, section 998 of the Code provides that it is not necessary to make a case for the purpose of moving for a new trial "upon an allegation of irregularity." But the real ground upon which we are called upon to review the action of the trial judge is not for an "irregularity in practice," within the proper meaning of the term, but substantial error committed at the trial, which must appear in and by a case settled by the trial judge.

The plaintiff claims that the trial judge dismissed the plaintiff's complaint before he had concluded his proof. If it was apparent to the trial judge that under no phase of the case could a recovery be had under the pleadings, he had the right, of his own motion, to so dismiss the complaint, and such a dismissal does not constitute an irregularity. If it was not such a case, the fact should be made to appear, not by affidavits upon mere motion, but on appeal

in the manner prescribed by section 997 of the Code. If a trial judge finally disposes of a cause pending before him, by directing the only result that could properly be reached, it is of no consequence whether the disposition made was of his own motion or at the request of counsel. For failure to observe the practice laid down, the appeal must be dismissed, with costs, but without prejudice to the plaintiff's rights to review the action of the trial court upon compliance with prescribed practice.